UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

IN RE: ANC RENTAL CORPORATION, et al.,                    Bankruptcy Case No. 01-11200
       Debtors.

ANC RENTAL CORPORATION, et al.,

      Appellant,                                              Civil Action No. 04-1428 (GMS)

      V.

TARRANT COUNTY, et al.,

      Appellees.

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE
HONORABLE MARY F. WALRATH

**Joint Response Brief of Appellees Tarrant County, City of Euless, Tarrant County College District, and Grapevine-Colleyville ISD**

Theodore J. Tacconelli (No. 2678)
FERRY JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302)575-1555 Phone
(302)575-1714 Fax
Local Counsel for Tarrant County,
City of Euless, Tarrant County College
District, and Grapevine-Colleyville ISD

Elizabeth Banda (Tex. Bar No. 24012238)
PERDUE, BRANDON, FIELDER, COLLINS
 & MOTT, L.L.P.
P.O. Box 13430
Arlington, TX 76094-0430
(817)461-3344 Phone
(817)860-6509 Fax
Counsel for Grapevine-Colleyville ISD

Elizabeth Weller (Tex. Bar No. 00785514)
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
2323 Bryan St. #1600
Dallas, TX 75201
(469)221-5075 Phone
(469)221-5002 Fax
Counsel for Tarrant County, City of Euless,
and Tarrant County College District

Dated: September 9, 2005

## TABLE OF CONTENTS

**Page**

Table Of Authorities...................................................................................................................ii

A. Statement of Basis for Appellate Jurisdiction.......................................................2

B. Statement of Issues Presented.............................................................................2

C. Standard of Review...............................................................................................3

D. Statement of Facts................................................................................................4

E. Argument..............................................................................................................5

    1. The Bankruptcy Court did not impose a "properly protests" requirement on the Debtors but correctly determined that the prior protest of the taxes barred redetermination pursuant to 11 U.S.C. § 505(a)(2)(A).     5

    2. The Bankruptcy Court correctly determined that the Debtors' failure to "properly request" a refund pursuant to applicable State law deprived it of jurisdiction to grant the relief requested with respect to the 1999 and 2000 tax years.     9

F. Conclusion..........................................................................................................11

## TABLE OF AUTHORITIES

**Cases**                                                                                     **Page**

Brown v. Pennsylvania State Employees Credit Union, 851 F.2d 81 (3rd Cir. 1988)............3

City Vending of Muskogee, Inc. v. Oklahoma Tax Comm'n, 898 F.2d 122 (10th Cir. 1990)...6

Ernst & Young v. Motsumoto (In Re United Ins. Managerial, Inc.), 14 F.3d 1380 (9th Cir. 1994)..................................................................................................................2

In re Cluck, 165 B.R. 1005 (Bankr. W.D.Tex. 1993)..................................................8

In re Continental Airlines, Inc., 218 B.R. 324 (D. Del.1997)........................................3

In re Custom Distribution Services, 224 F.3d 235 (3rd Cir. 2000)...............................9, 10

In re El Tropicano, Inc., 128 B.R. 153 (Bankr. W. D. Tex. 1991)............................7, 8, 9

In re Mantz, 343 F.3d 1207, 1211 (9th Cir. 2003).....................................................6

In re New Haven Projects Ltd Liability Co., 225 F.3d 289 (2nd Cir. 2000).......................6

In re Northbrook Partners, LLP, 245 B.R. 104 (Bankr. D. Minn. 2000)...........................6

In re Quattrone, 895 F.2d 921 (3rd Cir. 1989).......................................................3, 6

In re Teal, 16 F.3d 619 (5th Cir. 1994).................................................................6

In re Venture Stores, Inc., 54 Fed. Appx. 721 (3rd Cir. 2002).......................................10

In re Vertientes, Ltd., 845 F.2d 57 (3rd Cir. 1988)....................................................3

J.P. Fyfe, Inc. of Florida v. Brado Supply Corp., 891 F.2d 66 (3rd Cir. 1989)....................3

Kaspar Wire Works, Inc.v. Leco Engineering & Mach., Inc., 575 F.2d 530, 540 (5th Cir. 1978).8

Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989)................................2

Plaine v. McCabe, 790 F.2d 742 (9th Cir. 1986)......................................................7

Royal Production Co. v. San Jacinto County Central Appraisal District, 42 S.W.3d 373 (Tex. App.-Beaumont 2001, no pet.)..........................................................................7

**Statutes**

11 U.S.C. §505.......................................................................2, 3, 4, 6, 7

11 U.S.C. §505 (a)(1).....................................................................5, 6

11 U.S.C. §505 (a)(2)........................................................................6

11 U.S.C. §505 (a)(2)(A)...................................................................3, 5, 6, 9

11 U.S.C. §505 (a)(2)(B)(i)..............................................................2, 3, 5, 9

28 U.S.C. §158(a)..........................................................................................2

Federal Rule of Bankruptcy Procedure 8001...........................................................2

Tex. Tax Code Ann. §1.111(e) (Vernon 2001).........................................................8

**A. Statement of Basis for Appellate Jurisdiction:**

The United States District Court for the District of Delaware (the "District Court") has appellate jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001. The Order issued by the Bankruptcy Court is a final order for purposes of appellate jurisdictions in that it disposed of all claims for relief set forth in ANC's adversary complaint. See Midland Asphalt Corp. V. United States, 489 U.S. 794, 798 (1989); Ernst & Young v. Motsumoto (In re United Ins. Managerial, Inc.), 14 F. 3d 1380, 1383 (9th Cir. 1994).

**B. Statement of Issues Presented:**

1. Did the Bankruptcy Court err in dismissing ANC's claim for relief seeking determination of the amount of unpaid tax year 2001 taxes on the grounds that these taxes had not been properly protested with local authorities?

2. Did the Bankruptcy Court err in transmuting the "properly requests" language contained in U.S. Bankruptcy Code § 505 (a)(2)(B)(I) dealing with determinations of the estate's right to a tax refund int a non-existent "properly protest" requirement with respect to the instant 2001 tax year claims for relief involving unpaid taxes?

3. Did the Bankruptcy Court err in holding that it had no jurisdiction to determine unpaid taxes under U.S. Bankruptcy Code § 505 (a)(2)(B)(I) unless they had been "properly protest[ed]" with local tax authorities, given that Code § 505 contains no such requirement?

2

4. Where Congress, in enacting U.S. Bankruptcy Code § 505, included an express requirement that Debtors seeking refunds under § 505 must first present such requests to the affected governmental unit, but chose not to include such a requirement as to unpaid taxes, did the Bankruptcy Court err in "reading in" a purported "proper protest" requirement as to unpaid taxes, contrary to the maxim of statutory interpretation, "expressio unius est exclusio alterius"?

5. Did the Bankruptcy Court err in expanding, by implication, a Bankruptcy Code provision, §§ 505 (a)(2)(B)(I), which by its express terms is applicable only to requests for tax refunds, to apply to a non-refund situation to which the provision has no application?

6. Did the Bankruptcy Court err in adopting an interpretation of § 505(a)(2)(B)(I) which is fundamentally inconsistent, and would largely emasculate, companion § 505(a)(2)(A)?

7. Did the Bankruptcy Court err in adopting an interpretation of § 505(a)(2)(B)(I) which is fundamentally inconsistent with the legislative history and remedial intent underlying § 505 and other specific limitations expressly contained therein, such as § 505(a)(2)(A)?

## C. Standard of Review:

Findings of fact by the Bankruptcy Court may be set aside only if clearly erroneous. The Bankruptcy Court's legal conclusions are subject to plenary review, and Bankruptcy Court decisions involving the court's exercise of discretion are reviewed for abuse of discretion. See In re Quattrone, 895 F. 2d 921, 924 (3rd Cir. 1989); In re Continental Airlines, Inc., 218 B.R. 324, 328 (D. Del. 1997), citing Bankr. Rule 8013; J.P. Fyfe, Inc. of Florida v. Brado Supply

3

Corp., 891 F.2d 66, 69 (3rd Cir. 1989); Brown v. Pennsylvania State Employees Credit Union,

851 F.2d 81, 84 (3rd Cir. 1988); and In re Vertientes, Ltd., 845 F.2d 57, 59 (3rd Cir. 1988).

**D. Statement of Facts:**

Appellant ANC Rental Corporation, et al. ("Debtors") filed voluntary petitions for relief

under chapter 11 of the Bankruptcy Code on November 13, 2001.  On December 10, 2003, the

Debtors filed a complaint against Appellees Tarrant County, City of Euless, Grapevine-

Colleyville Independent School District, Tarrant County Hospital District, Tarrant County

College District (collectively the "Tax Authorities") and TAD seeking a determination of tax

liability pursuant to Section 505 of the Bankruptcy Code. The Debtors specifically asked the

Bankruptcy Court to correct and reduce the amount of ad valorem property taxes assessed against

them for the 1999, 2000, and 2001 tax years. The Debtors also requested an order directing the

Tax Authorities to correct their respective tax rolls accordingly. The Debtors argued that their

business personal property taxes were based on erroneously high valuations as a result of

appraisals done by TAD.

TAD filed an Answer to the Complaint on April 21, 2004. On May 20, 2004, TAD filed

the Motion to Dismiss. On May 21, 2004, Tarrant County, City of Euless, Tarrant County

Hospital District, and Tarrant County College District filed their Joint Response to TAD's

Motion to Dismiss. On the same day, Grapevine-Colleyville Independent School District filed a

Joinder to TAD's Motion to Dismiss. The facts set forth in the various Motions by Appellees, and

4

not disputed by the Debtors/Appellants, show that prior to filing for Chapter 11 protection, the

Debtors timely protested their 1999 and 2001 business personal property valuations with the

Tarrant Appraisal District ("TAD") for account no. 08344248. The Debtors then withdrew those

protests on or about July 16, 1999 and August 13, 2001, respectively, well before the filing of

their voluntary petition for chapter 11 bankruptcy.[1] The withdrawals of protest contained

language whereby the Debtors expressly agreed to waive any rights they had to further protest

the value of the property in question for those years. Further, the 1999 and 2000 taxes were paid

to the Tax Authorities prior to delinquency and without any further protest or requests for

refunds[2]. The Bankruptcy Court granted TAD's Motion to Dismiss as to all years and claims for

relief.

**E. Argument:**

**1. The Bankruptcy Court did not impose a "properly protests" requirement on the Debtors but correctly determined that the prior protest of the taxes barred redetermination pursuant to 11 U.S.C. § 505(a)(2)(A).**

1. The first six issues on appeal as set forth by the Debtors/Appellants (and restated

herein above) raise the same issue - whether the Bankruptcy Court improperly imposed a

"properly protests" requirement on debtors seeking relief under 11 U.S.C. § 505(a)(1) with

---

[1]Debtors admit that for "two of the years, protests were filed but withdrawn." Brief of Appellant ANC Rental Corporation, et al., page 18.

[2]The Debtors recently paid the 2001 taxes under protest while also reserving their rights pursuant to the instant appeal

5

respect to unpaid taxes, similar to the requirement of "properly requesting" a refund with respect to paid taxes sought pursuant to 11 U.S.C. § 505 (a)(2)(B)(I). A clear understanding of the case shows that Court did **not** hold that a "proper protest" was necessary for relief to be granted under § 505 (a)(2), but instead held that the Debtors' failure to properly pursue the protest it did file barred relief under § 505(a)(2)(A).

2. A review of the purpose and legislative history of Section 505 of the Bankruptcy Code is helpful in seeing why an agreement to waive further protest or appeal bars reconsideration of the tax issues by Bankruptcy Courts. The Bankruptcy Court's ability to redetermine taxes was authorized to protect non-tax creditors of the debtors which might be prejudiced due to a financially ailing debtor's inability or failure to contest its tax assessments. In re Mantz, 343 F.3d 1207, 1211 (9th Cir. 2003);  In re New Haven Projects Ltd. Liability Co., 225 F.3d 283, 289 (2nd Cir. 2000); City Vending of Muskogee, Inc., v. Oklahoma Tax Comm'n, 898 F.2d 122, 125 (10th Cir. 1990).  Section 505 was not intended to provide a second chance to debtors who contested their taxes prior to bankruptcy and were dissatisfied with the result. The legislative history of Section 505 emphasizes that its purpose was to permit a bankruptcy court to determine the tax liability of a debtor "that has **not** been contested before or adjudicated by a judicial or administrative tribunal of competent jurisdiction before the bankruptcy case" and to **deny** jurisdiction to the Bankruptcy Court when, prior to bankruptcy, the claim had been contested. In re Quattrone, 895 F. 2d 921, 925 (3rd Cir. 1989) (emphasis added), citing S. Rep. No. 989, 95th Cong., 2d Sess. 67, reprinted in 1978 U.S. Code Cong. & Admin News 5787, 5853.

6

3. Consistent with the idea that Section 505 grants Bankruptcy Courts only a limited ability to redetermine taxes, Section 505(a)(2)(A) restricts the authority granted under § 505(a)(1) by incorporating the concept of res judicata under common law jurisprudence. See In re Mantz, 343 F.3d 1207, 1213-14 (9th Cir. 2003) In re Teal, 16 F.3d 619, 621 (5th Cir. 1994); In re Northbrook Partners LLP, 245 B.R. 104, 111-112 (Bankr. D. Minn. 2000). When relief is sought under § 505, a federal court should give preclusive effect to a state administrative (or quasi-judicial) proceeding if the state court would itself give that proceeding preclusive effect. In re El Tropicano, Inc., 128 B.R. 153, 159, citing Plaine v. McCabe, 790 F.2d 742, 748 (9th Cir. 1986).

4. The facts clearly show that the Debtors/Appellants hired a professional tax agent, and filed a timely protest of the 2001 taxes pursuant to the laws of the State of Texas, which fact they admit in their Brief (Brief of Appellant ANC Rental Corporation, et al., page 18). The Debtors, through their tax agent (and presumably upon their advice), also withdrew this protest, a copy of which "Withdrawal Request" is attached as Exhibit A to Tarrant Appraisal District's Motion to Dismiss and Memorandum in Support Thereof. In this document, the Debtors clearly waived any right to further protest these taxes. Indeed, the text of the document contains the subtitle "Withdrawal and Waiver of Protest." Appellants argue that there are "various well-reasoned bankruptcy opinions holding that a Texas protest which is filed but then withdrawn does not constitute an "adjudication" such as to bar subsequent relief under § 505". Brief of Appellant ANC Rental Corporation, et al., page 18. However, they fail to cite even one case in support of

7

this proposition. As set forth herein, Appellees would show the Court that Debtors' withdrawal

of their protest also constituted an agreement between the parties (the Debtors and Tarrant

Appraisal District) which operates as waiver of any further right to appeal the tax values.

Pursuant to the Texas Property Tax Code, this withdrawal constitutes an agreement between the

parties which is final and may not be disputed. See Royal Production Co. v. San Jacinto County

Central Appraisal District, 42 S.W.3d 373 (Tex. App.-Beaumont 2001, no pet.). The Tex. Prop.

Tax Code specifically states:

Sec. 1.111. Representation of Property Owner
(e) An agreement between a property owner or the owner's agent and the chief appraiser is final
if the agreement relates to a matter:
    (1) which may be protested to the appraisal review board or on which a protest has been
filed but not determined by the board; or
    (2) which may be corrected under section 25.25 or on which a motion for correction
under that section has been filed but not determined by the board.

Tex. Tax Code Ann. § 1.111(e) (Vernon 2004).

Further, the Fifth Circuit has held that "when determining the effect to be given a decree entered

by consent of the parties, consideration is to be given to their intention with respect to the finality

to be accorded the decree as reflected by the record and the words of their agreement." In re

Cluck, 165 B.R. 1005 (Bankr. W.D.Tex. 1993), citing Kaspar Wire Works, Inc.v. Leco

Engineering & Mach., Inc., 575 F.2d 530, 540 (5th Cir. 1978). Thus, given the clarity of the

language in the withdrawal of protest, the Debtors clearly intended to waive any right to further

protest such values.

5. The appeal of a property tax valuation to the county appraisal review board, such as the Debtors filed with respect to the 2001 taxes, institutes a quasi-judicial proceeding. In re El Tropicano, Inc., 128 B.R. 153, 159. Given the preclusive effect of the withdrawal of the tax protest under Texas law, the Debtors' withdrawal of their tax protest is similar to a "motion to dismiss with prejudice" in regular litigation in that it bars any subsequent reopening of the issue. To treat the withdrawal as other than having prejudicial value would be to bring into question the finality of any valuation dispute where the parties ultimately agree that the appraisal district's established value is correct. Such a decision would require tax authorities to get court orders with respect to every protested tax to prevent the matter being open to further litigation in a subsequently filed bankruptcy. The finality of settlements or agreements documented by the withdrawal of the protest, petition or complaint should be upheld by the courts to avoid inviting debtors to seek to "unwind" the results of previously resolved tax protests and litigation. Id. at 157. The valuation in question is final under Texas law and therefore should be final under federal law as a matter "contested before and adjudicated by a judicial or quasi-judicial tribunal." Id.at 160 (citations omitted).

6. Having specifically waived their rights to any further protest of the taxes under Texas law, the Debtors attempted to get a "second bite at the apple" in Bankruptcy Court. However, the Bankruptcy Court properly found that by failing to "properly protest" the taxes (i.e. by failing to pursue that protest in such a manner so as to preserve its rights and signing a document waiving

9

all further protests), the Debtors' actions deprived the Court of jurisdiction to consider the issues presented pursuant to 11 U.S.C. § 505(a)(2)(A).

**2. The Bankruptcy Court correctly determined that the Debtors' failure to "properly request" a refund pursuant to applicable State law deprived it of jurisdiction to grant the relief requested with respect to the 1999 and 2000 tax years.**

1. The Debtors' final issue on appeal deals with the Bankruptcy Court's denial of relief with respect to the 1999 and 2000 tax years on the basis that the Debtors failed to "properly request" a refund in accordance with Texas law. The Debtors/Appellants essentially argue that the Third Circuit's holding in In re Custom Distribution Services, 224 F.3d 235 (3rd Cir. 2000), should be overturned. The Bankruptcy Court correctly followed the law with respect to the application of 11 U.S.C. § 505 (a)(2)(B)(I), and its decision should be upheld on appeal.

2. Appellees extensively briefed the Texas law with respect to the refund issues in their Joint Response of Defendants, Tarrant County, City of Euless and Tarrant County College District to Defendant Tarrant Appraisal District's Motion to Dismiss and Memorandum in Support Thereof and Joinder to Tarrant Appraisal District's Motion to Dismiss and Memorandum in Support Thereof filed by Grapevine-Colleyville ISD. The Debtors/Appelless do not raise any issues with respect to the Texas law regarding the proper method for filing requests for refunds. Therefore, as these pleadings are part of the record on appeal, and, for the sake of brevity, the arguments set forth therein with respect to the Texas law will not be repeated but are incorporated herein by reference.

10

3. A review of the substantive law in this area shows that not only is <u>Custom Distribution</u> the controlling authority in the Third Circuit, but it is consistent with the controlling authority in every jurisdiction which Appellees reviewed.  Since the decision in <u>Custom Distribution</u> was published, the Third Circuit has had the opportunity to review it and determine whether it was, indeed, the correct law it wished applied in this Circuit.  See <u>In re Venture Stores, Inc.</u>, 54 Fed. Appx. 721 (3rd Cir. 2002).  In <u>Venture Stores</u> the Third Circuit specifically looked at whether the Delaware District Court properly held it did not have jurisdiction to consider a refund with respect to taxes for which a refund had not been properly requested pursuant to Texas law.  The Circuit Court affirmed the lower court holding that tax refunds must be "properly requested" pursuant to applicable State law for a Bankruptcy Court to have jurisdiction over the request for a refund.  Appellees can find no case which would provide even mildly persuasive legal authority on which the Bankruptcy Court could have relied to rule in favor of the Debtors with respect to the 1999 and 2000 taxes.  The Debtors failed to ever, much less "properly," request a refund from the various taxing authorities, thus the Bankruptcy Court correctly found that it was simply without jurisdiction to grant them any relief.

**F. Conclusion:**

The Bankruptcy Court properly found that the Debtors' failure to properly pursue its protest of the 2001 taxes pursuant to State law resulted in a final determination of the taxes which barred subsequent review by a State court and therefore the Bankruptcy Court was without

11

jurisdiction to grant the relief requested. The Bankruptcy Court also properly followed the Third

Circuit authority with respect to the Debtors' request for a refund of taxes for the 1999 and 2000

tax years and held that the Debtors' failure to properly request such a refund pursuant to

applicable State law also deprived it of jurisdiction to grant the relief requested with respect to

those taxes. Accordingly, the Bankruptcy Court should be affirmed.

Respectfully Submitted,

Theodore J. Tacconelli (No. 2678)
FERRY JOSEPH & PEARCE, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899
(302) 575- 1555 Phone
Local Counsel for Tarrant County, City of
Euless, Tarrant County College District, and
Grapevine-Colleyville ISD

Elizabeth Banda (Tex. Bar No. 24012238)
PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, LLP
P.O. Box 13430
Arlington, Texas 76094
(817) 461-3344
Counsel for Grapevine-Colleyville ISD

Elizabeth Weller (Tex. Bar No. 00785514)
LINEBARGER, GOGGAN, BLAIR &
SAMPSON, LLP
2323 Bryan St. #1600
Dallas, Texas 75201
(469) 221-5075
Counsel for Tarrant County, City of Euless,
and Tarrant County College District

Dated: September 9, 2005

12

## CERTIFICATE OF SERVICE

I, Theodore J. Tacconelli, certify that I am not less than 18 years of age, and that service of the foregoing Brief was made on September 9, 2005, upon the following parties in the manner indicated:

## BY FACSIMILE AND FIRST CLASS MAIL

Brian A. Sullivan, Esq.
Amy D. Brown, Esq.
Werb & Sullivan
300 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Joseph Grey, Esq.
Thomas G. Whalen, Jr., Esq.
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801

Mike Tabor, Esq.
Shannon, Gracey, Ratliff & Miller, LLP
500 North Akard Street, Suite 2575
Dallas, TX 75201

Joseph M. Harrison IV, Esq.
J. M. Harrison & Associates
1009 C Street, Suite 200
Floresville, TX 78114

Under penalty of perjury, I declare that the foregoing is true and correct.

Theodore J. Tacconelli (No. 2678)