# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

IN RE: ANC RENTAL CORPORATION, et al.,     Bankruptcy Case No. 01-11200
        Debtors.

---

ANC RENTAL CORPORATION, et al.,

    Appellant,     Civil Action No. 04-1428

    V.

TARRANT COUNTY, et al.,

    Appellees.

---

## RESPONSE BRIEF OF APPELLEE TARRANT APPRAISAL DISTRICT

---

Brian Sullivan ID 2098
Amy D. Brown ID 4077
**WERB & SULLIVAN**
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: (302) 652-1100
Facsimile: (302) 652-1111

Joseph T. Longoria TBN: 12544860
**PERDUE, BRANDON, FIELDER,**
**COLLINS & MOTT, L.L.P.**
1235 North Loop West, Suite 600
Houston, Texas 77008
(713) 862-1860
(713) 869-0030 Facsimile

ATTORNEYS FOR APPELLEE, TARRANT APPRAISAL DISTRICT

Dated: September 9, 2005

Table of Contents

TABLE OF AUTHORITIES................................................................... i

A.    STATEMENT OF BASIS OF APPELLATE JURISDICTION........................... 1

B.    STATEMENT OF ISSUES PRESENTED.................................................. 1

C.    STANDARD OF REVIEW.................................................................2

D.    STATEMENT OF FACTS.................................................................. 3

E.    Incorporation of Portions of Arguments and Issues presented in the Joint
      Response Brief of Appellees Tarrant County, City of Euless, Tarrant County
      College District, and Grapevine-Colleyville ISD.................................... 3

ARGUMENT............................................................................... 3

1.    Failure to Brief Issues on Appeal Results in Waiver of Issues as Basis of Appeal... 3

2.    The Bankruptcy Court did not impose a "properly protests" requirement
      on ANC and correctly determined that ANC's prior protests were final
      adjudications barring relief under section 505........................................... 4

      3.  The Bankruptcy Court correctly determined that the written agreement
          between the parties was final adjudication that cannot be disputed by
          the parties or an appraisal review board................................................. 5

4.    ANC agrees that it is barred from seeking relief......................................... 9

F.    Conclusion.................................................................................. 9

**Table of Authorities**

<u>CASELAW</u>

*Attorneys' Liab. Assur. Soc. v. Fitzgerald*, 174 F. Supp. 2d 619 (W.D. Mich. 2001)................................................................................................. 7

*Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81 (3rd Cir. 1988) .............................................................................................. 2

*City of Amarillo v. Eakens*, 399 F.2d 541 (5th Cir. 1968) ................................ 7

*In re Continental Airlines, Inc.*, 218 B.R. 324 (D. Del. 1997) ......................... 2

*In re Lipeztky*, 64 B.R. 431 (Bankr. D. Mont. 1986) ...................................... 8

*In re Quattrone*, 895 F. 2d 921 (3rd Cir. 1989) ............................................. 2

*In re Vertientes, Ltd.*, 845 F.2d 57 (3rd Cir. 1988)......................................... 2

*J.P. Fyfe, Inc. of Florida v. Brado Supply Corp.*, 891 F.2d 66 (3rd Cir. 1989)............................................................................................... 2

*Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir.1993)............................................. 4

*Manus v. NRG Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 188 F.3d 116 (3d Cir. 1999) ........................................................................... 2

*Matagorda County Appraisal Dist. v. Conquest Exploration Co.*, 788 S.W.2d 687 (Tex. App.–Corpus Christi 1990, no writ).................................. 7

*Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635 (3d Cir. 1991) .............................................................................................. 2

*Royal Production Co. v. San Jacinto County Central Appraisal District*, 42 S.W.3d 373 (Tex. App.-Beaumont 2001, no pet.)..................................... 8

*Warren Independent School Dist. v. Southern Naches Corp.*, 405 S.W.2d 100 (Tex. Civ. App.–Beaumont 1965), *writ ref'd n.r.e.* ................................. 7

<u>STATUTES</u>

11 U.S.C. § 505 (a)(2)(B)(i) ........................................................... 1,2,4

11 U.S.C. § 505(a)(2)(A) ................................................................ 2, 5, 9

11 U.S.C. § 505(a)(2)(A)(1) ............................................................. 4

28 U.S.C. § 1341.......................................................................... 7

TEX. TAX CODE ANN. § 1.111(e) (Vernon 2004)  …………………………………    8

TEX. TAX CODE ANN. § 41.01(b)(Vernon 2004)…………………………………    9

TEX. TAX CODE ANN. § 41.45 (Vernon 2004). ………………………………..    7

**A. Statement of Basis for Appellate Jurisdiction:**

This Court has jurisdiction under 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001.

**B. Statement of Issues Presented:**

1. Did the Bankruptcy Court err in dismissing ANC's claim for relief seeking determination of the amount of unpaid tax year 2001 taxes on the grounds that these taxes had not been properly protested with local authorities?

2. Did the Bankruptcy Court err in transmuting the "properly requests" language contained in U.S. Bankruptcy Code § 505 (a)(2)(B)(i) dealing with determinations of the estate's right to a tax refund into a non-existent "properly protest" requirement with respect to the instant 2001 tax year claims for relief involving unpaid taxes?

3. Did the Bankruptcy Court err in holding that it had no jurisdiction to determine unpaid taxes under U.S. Bankruptcy Code § 505 (a)(2)(B)(i) unless they had been "properly protest[ed]" with local tax authorities, given that Code § 505 contains no such requirement?

4. Where Congress, in enacting U.S. Bankruptcy Code § 505, included an express requirement that Debtors seeking refunds under § 505 must first present such requests to the affected governmental unit, but chose not to include such a requirement as to unpaid taxes, did the Bankruptcy Court err in "reading in" a purported "proper protest" requirement as to unpaid taxes, contrary to the maxim of statutory interpretation, "*expressio unius est exclusio alterius*"?

5. Did the Bankruptcy Court err in expanding, by implication, a Bankruptcy Code provision, § 505 (a)(2)(B)(i), which by its express terms is applicable only to requests for tax refunds, to apply to a non-refund situation to which the provision has no application?

6. Did the Bankruptcy Court err in adopting an interpretation of § 505(a)(2)(B)(i) which is

1

fundamentally inconsistent, and would largely emasculate, companion § 505(a)(2)(A)?

7.  Did the Bankruptcy Court err in adopting an interpretation of § 505(a)(2)(B)(i) which is fundamentally inconsistent with the legislative history and remedial intent underlying § 505 and other specific limitations expressly contained therein, such as § 505(a)(2)(A)?

**C. Standard of Review:**

Findings of fact by the Bankruptcy Court may be set aside only if clearly erroneous.  The Bankruptcy Court's legal conclusions are subject to plenary review, and Bankruptcy Court decisions involving the court's exercise of discretion are reviewed for abuse of discretion.  See *In re Quattrone*, 895 F. 2d 921, 924 (3rd Cir. 1989); *In re Continental Airlines, Inc.,* 218 B.R. 324, 328 (D. Del. 1997), citing Bankr. Rule 8013; *J.P. Fyfe, Inc. of Florida v. Brado Supply Corp.,* 891 F.2d 66, 69 (3rd Cir. 1989); *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3rd Cir. 1988); and *In re Vertientes, Ltd.,* 845 F.2d 57, 59 (3rd Cir. 1988).   A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts.  *Manus v. NRG Energy, Inc. (In re O'Brien Envtl. Energy, Inc.),* 188 F.3d 116, 122-23 (3d Cir. 1999), citing *Marco v. Accent Pub. Co.,* 969 F.2d 1547, 1548 (3d Cir. 1992).

Furthermore, with mixed questions of law and fact, the appellate court must accept the trial court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the court's choice and interpretation of legal precepts to the historical facts.'"  *Mellon Bank, N.A. v. Metro Communications, Inc.,* 945 F.2d 635, 641 (3d Cir. 1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 101-02 (3d Cir. 1981).

**D. Statement of Facts:**

TAD agrees with the statement of facts as set forth by ANC, but disagrees that this statement is complete. TAD's motion to dismiss on a jurisdictional basis contained undisputed facts that ANC timely protested the 1999 and 2001 valuations by filing notices of protests for the subject property identified as account no. 08344248. ANC subsequently agreed with these valuations, withdrew its protests in writing and waived all further rights to proceed with a protest or appeal. This is a crucial fact considered by the Bankruptcy Court that has been omitted by ANC in its statement of facts.

**E.    Incorporation of Portions of Arguments and Issues presented in the Joint Response Brief of Appellees Tarrant County, City of Euless, Tarrant County College District, and Grapevine-Colleyville ISD**

Some of the issues presented by Appellant relate to matters solely affecting the remaining Appellees. Due to this, and in an effort to maximize judicial economy TAD will  incorporate those issues in the *Joint Response* by reference as noted below.

**F. Argument:**

**1. FAILURE TO BRIEF ISSUES ON APPEAL RESULTS IN WAIVER OF ISSUES AS BASIS OF APPEAL**

ANC has not briefed the issues that were determined by the Bankruptcy Court. Specifically, ANC's issues on appeal deal entirely with the refund of unpaid taxes and the "properly" language recited by the Bankruptcy Court. The order of dismissal entered by the Bankruptcy Court states:" Upon consideration of the Motions of the Defendants to Dismiss and the Debtors Responses thereto and for the reasons set forth in the accompanying Memorandum opinion, it is hereby **ORDERED** that the Motions to Dismiss are **GRANTED** […]. TAD's motion to dismiss was based on two issues which have not been briefed or presented to this honorable court by ANC. The remaining tax authorities joined TAD's motion to dismiss the

complaint. *Memonrandum Opinion* at 1. The memorandum opinion specifically states that the

Bankruptcy court granted TAD's motion *Memorandum Opinion* at 2.

       TAD's motion set forth the grounds of dismissal as follow:

> TAD should be dismissed from this proceeding on **two** grounds. First, this court has **no jurisdiction to entertain the claims related to the subject property's valuation and taxes for 1999 and 2001 because such valuations were challenged and then withdrawn by agreement of the ANC** prior to the filing of this complaint. Additionally, pursuant to Texas statutes and caselaw, the agreement is final and may not be disputed. Second, **ANC has no claim for relief against TAD and it is, therefore, not a proper party to this proceeding**. This removes the court's authority to determine the amount of appraised value and/or tax on the property in question.

TAD's Motion to Dismiss and Brief in Support thereof, Page 5.
(emphasis added)

       The failure to set forth an issue on appeal waives that issue on appeal. *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir.1993). Since ANC has failed to set forth or brief any aspect of the underlying basis of motions to dismiss of TAD and the taxing authorities that was granted by the Court, it has waived such issues as a basis of appeal. Based on this alone, this court must affirm the Bankruptcy Courts ruling below.

**2.     The Bankruptcy Court did not impose a "properly protests" requirement on ANC and correctly determined that ANC's prior protests were final adjudications barring relief under section 505.**

       ANC sets forth several issues on this appeal. However, even a cursory reading leads to the same conclusion i.e., ANC's issues on appeal deal entirely with the refund of unpaid taxes and the "properly" language recited by the Bankruptcy Court. As set forth in the *Joint Response,* ANC's single issue is whether the Bankruptcy Court imposed a "properly protests" requirement on debtors seeking relief under 11 U.S.C. § 505(a)(1) with respect to unpaid taxes similar to the requirement of "properly requesting" a refund with respect to paid taxes sought pursuant to 11 U.S.C. § 505 (a)(2)(B)(i).

In its complaint, ANC alleged that the market value of its personal property was overstated for purposes of ad valorem taxes for tax years 1999—2001. (Complaint at ¶¶ 7 & 14). ANC sought relief from TAD and the Bankruptcy Court in the form of a determination of the fair market value of that personal property and judgment awarding a refund of ad valorem taxes. (Complaint at ¶ 17). Its current briefing does not address the 1999 and 2000 tax years, accordingly any claims of error regarding these years are waived. However, this court must consider that the facts that served as the basis for dismissal of the 1999 tax year are identical to the facts related to the 2001 tax year.

This Court need only look to the undisputed facts developed in the Bankruptcy Court to determine that it did not impose such a requirement on ANC. Specifically, ANC timely filed administrative protests over the valuation of the property for tax years 1999 and 2001. ANC subsequently agreed with these valuations, withdrew its protests and waived all further rights to proceed with a protest or appeal.

Section 505 provides that the bankruptcy court "may determine the amount or legality of any tax" except "if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the [bankruptcy] case." 11 U.S.C. § 505 (a)(1), (2)(A). ANC's withdrawals and agreements related to these claims, which were pending before the Tarrant County Appraisal Review Board ("ARB"), constituted a final adjudication. The Bankruptcy Court clearly understood that this constitutes a final adjudication of these claims and dismissed the complaint on that basis by granting TAD's motion.

It is astounding for ANC to represent to this Honorable Court that the 1999 and 2001 protests were filed and then merely "withdrawn". The 1999 and 2002 tax years are not at issue

due ANC's failure to brief same. However, TAD addresses this matter because the facts that led

the Bankruptcy Court to dismiss the 1999 portion of the complaint are identical to the facts

relative to the 2001 tax year.

ANC executed detailed and specific instruments settling the matters and waiving all

further appeals.The language is set forth below in its entirety for the court's consideration. These

have been previously presented as exhibit "A" and "B" to the Defendant's Motion to Dismiss.

The 1999 Agreement states:

> **Withdrawal and Waiver of Protest**
> I am the Owner of the Property identified above or the agent authorized to act for the
> owner this matter. I acknowledge the owner's disagreement and protest and/or motions, if
> any concerning this property. The Texas Property Tax Code provides property owners
> certain rights and remedies, including the right to protest and/or motions, the opportunity
> to appear before the Tarrant Appraisal Review Board to offer evidence or argument, and
> the right to appeal an adverse Board decision to District Court. The owner waives all such
> rights to any further proceedings concerning this property for the indicated tax year and
> any right the owner may have to further notice concerning this matter.

The 2001 Agreement states:

> **Settlement and Waiver of Protest**
> I am the Owner of the Property identified above or the agent authorized to act for the
> owner this matter. I acknowledge the owner's disagreement and protest and/or motions, if
> any concerning this property. The Texas Property Tax Code provides property owners
> certain rights and remedies, including the right to protest and/or motions, the opportunity
> to appear before the Tarrant Appraisal Review Board to offer evidence or argument, and
> the right to appeal an adverse Board decision to District Court. The owner waives all such
> rights to any further proceedings concerning this property for the indicated tax year and
> any right the owner may have to further notice concerning this matter.

It is indisputably clear that, by these agreements, the Plaintiff acknowledged the dispute and

waived all rights to further contesting the 1999 and 2001 valuations. These are the facts that were

presented to the Bankruptcy Court. These are the facts upon which it based its decision to

dismiss the complaint.  There are no facts to support the argument made by ANC that the court

imposed a "properly protests" requirement on ANC.  This is a classic example of a resolution of

a disputed matter and this court should treat it thusly.

Under Texas law, appraisal review boards exercise a quasi-judicial function. *Matagorda County Appraisal Dist. v. Conquest Exploration Co.*, 788 S.W.2d 687, 694 (Tex. App.–Corpus Christi 1990, no writ). The taxpayer must be given a fair opportunity to develop the facts on which the protest was based. *Warren Independent School Dist. v. Southern Naches Corp.*, 405 S.W.2d 100, 104-05 (Tex. Civ. App.–Beaumont 1965), *writ ref'd n.r.e*; TEX. TAX CODE ANN. § 41.45 (Vernon 2004). That is the situation in this matter, where ANC timely filed protests over the 1999 and 2001 valuation.

As the Fifth Circuit stated in *City of Amarillo v. Eakens*, 399 F.2d 541, 543 (5th Cir. 1968), the purpose of section 505 was to provide a remedy for the estate when debtors failed to exercise sufficient diligence to invoke the available processes under state law to contest tax assessments. When ANC actively invoked those processes, there was no occasion and no authority for the Bankruptcy Court to undertake a re-examination of that assessment.

This result is entirely consistent with the Congressional intent prohibiting the bankruptcy court from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under state law" if the state otherwise provides a speedy and efficient procedure for resolution of tax disputes. 28 U.S.C. § 1341. Both section 505 and section 1341 balance the estate's need for relief from a less-than-diligent debtor and the need of the federal system for deference to the needs of state and local governments for orderly and consistent treatment of tax disputes. *See Attorneys' Liab. Assur. Soc. v. Fitzgerald*, 174 F. Supp. 2d 619, 626 (W.D. Mich. 2001).

Some courts have confused "finality" in the sense that the agency or court has reached a decision, with the definition of legal "finality" that indicates that all possible appeals must have

been exhausted. For example, even though there was an administrative determination following a full opportunity for the debtor to be heard, the court held that an administrative adjudication is not final if an appeal to state court is pending or possible. *In re Lipeztky*, 64 B.R. 431, 433 (Bankr. D. Mont. 1986). In this case, ANC withdrew and waived all further rights to protest the 1999 and 2001 tax years. Accordingly, the facts in this matter met all requirements for a dismissal of the 1999 and 2001 claims.

4. **The Bankruptcy Court correctly determined that the written agreement between the parties was final adjudication that cannot be disputed by the parties or an appraisal review board.**

The court must consider the fact that ANC executed a written instrument explicitly withdrawing the relevant protests and waiving all rights to further protest or appeal the 1999 and 2001 appraisals of the property. The Texas Code specifically addresses such a situation. The written agreement between the parties is final and may not be disputed. TEX. TAX CODE ANN. § 1.111(e) (Vernon 2000). *Royal Production Co. v. San Jacinto County Central Appraisal District*, 42 S.W.3d 373 (Tex. App.-Beaumont 2001, no pet.). The Code specifically states:

SEC. 1.111. REPRESENTATION OF PROPERTY OWNER
(e) An agreement between a property owner or the owner's agent and the chief appraiser is final if the agreement relates to a matter:
    (1) which may be protested to the appraisal review board or on which a protest has been filed but not determined by the board; or
    (2) which may be corrected under section 25.25 or on which a motion for correction under that section has been filed but not determined by the board.

TEX. TAX CODE ANN. § 1.111(e) (Vernon 2004).

This language is clear and undeniably applied to the fact situation that was considered by the Bankruptcy court in this matter.

The Texas Tax Code also considers such agreement final. Specifically, the Code states that an appraisal review board "may not review or reject an agreement between a property owner or the owner's agent and the chief appraiser under section 1.111 (e)." TEX. TAX CODE ANN. §

41.01 (b) (Vernon 2004). Appraisal review boards have no authority to review such agreements. The agreement is the equivalent of a final adjudication. Quite candidly, there is simply no logical argument that can be made that there was not a final adjudication of the 1999 and 2001 valuation protests. This conclusion bars ANC from relief under section 505.

### 4. ANC agrees that it is barred from seeking relief under section 505

ANC agrees that "had ANC in fact protested pre-petition an obtained an adjudication of that protest […] it would have been barred from seeking relief under § 505…[.]" *Appellee's Brief* at 7. In this case, that is precisely what happened. As set forth above, ANC did not merely withdraw its 1999 and 2001 protests, it waived all "rights to any further proceedings concerning this property for the indicated tax year and any right the owner may have to further notice concerning this matter." ANC simply ignores this fact for the obvious reason. This Honorable Court must consider this fact and the only conclusion that may be reached is to affirm the Bankruptcy Court's ruling.

The Bankruptcy Court properly found that by failing to "properly protest" the taxes (i.e. by failing to pursue that protest in such a manner so as to preserve its rights and signing aocument waiving all further protests), the Debtors' actions deprived the Court of jurisdiction to consider the issues presented pursuant to 11 U.S.C. § 505(a)(2)(A).

## CONCLUSION

The Bankruptcy Court properly found that the Debtors' failure to properly pursue its protest of the 2001 taxes pursuant to State law resulted in a final determination of the taxes which barred subsequent review by a State court and therefore the Bankruptcy Court was without jurisdiction to grant the relief requested. The Bankruptcy Court correctly dismissed the claim against Tarrant Appraisal District because (1) ANC's 1999 and 2001 valuations were challenged and then withdrawn by written agreement of ANC prior to the filing of the complaint in this

court; (2) Pursuant to Texas statutes and caselaw, the agreement is final and may not be disputed, and (3) it is an unnecessary party to the remedy sought by the ANC. Further, ANC has not briefed the issues that were determined by the Bankruptcy Court in its dismissal of the complaint. Such failure results in the waiver of such issue on appeal. In light of the above, the Bankruptcy Court should be affirmed.

Dated: September 9, 2005

**WERB & SULLIVAN**

**By:** ___/s/ Brian A. Sullivan___
Brian A. Sullivan (#2098)
Amy D. Brown(#4077)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, Delaware 19899
Telephone: (302) 652-1100
Facsimile: (302) 652-1111

**PERDUE, BRANDON, FIELDER,
COLLINS & MOTT, L.L.P.**

Joseph T. Longoria
SBN: 12544860; Admissions No. 14261
Federal I.D.
1235 North Loop West, Suite 600
Houston, Texas 77008
(713) 862-1860
(713) 869-0030 Facsimile

**ATTORNEYS FOR DEFENDANT, TARRANT
APPRAISAL DISTRICT**

## CERTIFICATE OF SERVICE

This is to certify that on this 9th day of September 9, 2005, a true and correct

copy of the foregoing document has been served on the following:

### VIA FIRST CLASS MAIL and EMAIL

J. M. HARRISON & ASSOCIATES
Joseph M. Harrison IV, Esq.
1009 C Street, Suite 200
Floresville, Texas 78114-2223


Theodore J. Tacconelli, Esq.
FERRY, JOSEPH & PEARCE, P.A.
824 North Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899


Joseph Grey, Esq.
STEVENS & LEE, P.C
1105 North Market Street, 7th Floor
Wilmington, DE 19801


/s/ Brian A. Sullivan
Brian A. Sullivan