IN THE UNITED STATES COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ANC RENTAL CORPORATION., et al., | ) | Adv. Pro. No. 04-51211 (MFW) |
| | ) | |
| Appellant, | ) | Civil Action No. 04-1428 (GMS) |
| | ) | |
| v. | ) | |
| | ) | |
| TARRANT COUNTY, et al., | ) | |
| | ) | |
| Appellees. | ) | |

## ORDER

1. On December 10, 2003, ANC Rental Corporation ("ANC" or the "appellants") filed a complaint in the United States Bankruptcy Court for the District of Delaware against Tarrant County, Tarrant Appraisal District ("TAD"), Tarrant County College District, Tarrant Hospital District, City of Euless, and Grapevine-Colleyville Independent School District (collectively, "the defendants"), seeking a determination of tax liability pursuant to Section 505 of the Bankruptcy Code. ANC asked the Bankruptcy Court to correct and reduce the amount of tax assessed against them for the tax years 1999 through 2001, alleging that their taxes for those years were based on erroneously high valuations of personal property owned by them as a result of appraisals done by TAD.

2. The defendants filed motions to dismiss the complaint, arguing that the court lacked subject matter jurisdiction to hear the case because ANC filed protests of their 1999 and 2001 taxes, but withdrew those protests before any adjudication was made. The defendants argued that when ANC withdrew their formal protests, they waived their right to protest the tax

assessments in the future.

3. The Bankruptcy Court agreed, based on binding precedent in *City of Perth Amboy v. Custom Distribution Services*, 224 F.3d 235, 243-44 (3d Cir. 2000), and dismissed ANC's complaint pursuant to 15 U.S.C. § 505(a). Specifically, the Bankruptcy Court found that the views espoused by the Third Circuit in *Custom Distribution* bar jurisdiction when a debtor does not "properly request" a refund or protest the valuation of its property in accordance with state law. (D.I. 2, Memorandum Opinion at 4-5.) ANC filed this appeal on November 8, 2004.

4. The court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a) (2004). In reviewing a case on appeal, the Bankruptcy Court's factual determinations will not be set aside unless they are clearly erroneous. *See Mellon Bank, N.A. v. Metro Comm., Inc.*, 945 F.2d 635, 641 (3d Cir. 1991), *cert. denied*, 503 U.S. 937, (1992). Conversely, a Bankruptcy Court's conclusions of law are subject to plenary review. *See id.* Mixed questions of law and fact are subject to a "mixed standard of review." *See id.* at 641-42. Under this "mixed standard of review," the appellate court accepts findings of "historical or narrative facts unless clearly erroneous, but exercise[s] plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to historical facts." *Id.*

5. Because the Bankruptcy Court made conclusions of law with respect to its jurisdiction, the court reviews its decision *de novo*. After having reviewed the decision and relevant law, the court finds that the Bankruptcy Court properly dismissed ANC's complaint.

6. ANC argues that the Bankruptcy Court's dismissal was improper because: 1) the Bankruptcy Court improperly read a 'properly protested' requirement into the language of Section 505(a) of the Bankruptcy Code (See D.I. 13 at 3.); and 2) the Bankruptcy Court relied on the Third

      Circuit's decision in *Custom Distribution*, a decision that ANC argues is both fatally flawed precedent and inapposite to the case at bar. (See D.I. 13 at 14-16; D.I. 17 at 5-6.) ANC's criticisms of *Custom Distribution* notwithstanding, this court is, of course, bound by the decisions of the Third Circuit and, thus, must follow the *Custom Distribution* decision.

7.    ANC attempts to distinguish their tax dispute from the dispute in *Custom Distribution* on the grounds that *Custom Distribution*'s holding does not apply to disputes over unpaid taxes, such as the ANC's 2001 taxes in this case. (D.I. 13 at 14-16.) While ANC correctly asserts that the *Custom Distribution* holding distinguishes paid and unpaid taxes in some respects, it fails to recognize that the basic reasoning that underlies the Third Circuit's decision applies to both paid and unpaid taxes. *Custom Distribution* requires parties who object to tax determinations made by government appraisers to contest the tax determinations in accordance with state law. 224 F.3d at 243-44. While the debtors in *Custom Distribution* had already paid their taxes for the years in question, the principle articulated by the Third Circuit is no less applicable in cases where the taxes have not yet been paid. In either case, the dispute centers on the valuation of the property in question and the resultant tax owed on that property. The value of the property and the corresponding tax is the same regardless of whether that tax was actually paid. Consequently, *Custom Distribution* requires debtors seeking a redetermination of their taxes to follow relevant state statutes governing the determination of tax disputes, regardless of whether the full amount of the disputed taxes had been paid.

8.  In the present case, ANC admits that it timely filed and then formally withdrew a protest of its taxes pursuant to Texas law. (D.I. 13 at 18.) As part of the withdrawal of its protest, ANC explicitly waived any right to further protest these taxes. (D.I. 2, Exhibit 5A.) Thus, ANC's own actions in failing to pursue its protest necessarily leads to the conclusion that ANC did not properly request a tax determination under Texas law, as required by *Custom Distribution*. See *Custom Distribution*, 224 F.3d at 241-42. The Bankruptcy Court, therefore, was correct in concluding that it lacked the jurisdiction to redetermine the amount of tax owed.

Therefore, it is hereby ordered that:

1.  The October 8, 2004 Order of the Bankruptcy Court is AFFIRMED.

Dated: September 24, 2007

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

SEP 2 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE